MR. JUSTICE SHEA,
dissenting:
I cannot agree with the decision of this Court that the wife waived her right to have the hearings recorded and to have a court reporter record the interviews between the trial court and the children. I would reverse the trial court and order a new trial because the first trial was held without a record being made.
Here the wife claims that the lawyer who represented her at the trial level did not discuss with her whether or not she would waive the use of a court reporter to record the proceedings. We are involved here, not with a technical question of whether the client should be bound by the acts of her lawyers, as majority states, in relying on section 93-2101, R.C.M.1947. Rather, we are involved with the very foundation of appellate review — the requirement of a record, if review is to be effective. Indeed, the majority recognized the ineffectiveness of review without a record by stating “this Court is powerless to put a district court in error without a record, . . . unless there appears inherent error, ...” The essence of this holding is that a District Court can deprive this Court of effective review by simply not providing a court reporter to record the proceedings at trial. The potential evils engendered by this kind of attitude require no additional comment.
It is of little consolation to the wife here that we hold her lawyer waived her right to a court reporter and consequently, to a meaningful appeal. Too often, when counsel agrees to the waiver of a record, he does so in an effort to accommodate the court and the court reporter, not to protect the interests of his client. The failure to have a court reporter to record the trial court proceedings goes to the very heart of the administration of the court system.
The waiver that the Court has relied on here, namely that of counsel waiving the rights of his client to a recording of the hearing, is so fundamental that it should not be allowed without the personal waiver of the client. For this personal waiver to be effective, it should be spread upon the record. The client should be in *110 formed of the right to have a record; he should be informed of the uses to which a record is put; and he should be informed of the consequences of the failure to have a record, namely that almost total discretion is being reposed in the district judge, and that if the case is appealed there will be no effective and meaningful method of presenting the appeal. Perhaps then, if the client does not want a record, a waiver would be effective. And, being that the waiver should be spread upon the record, presumably taken down by a court reporter, perhaps the court reporter could even be persuaded to stay awhile and make a verbatim record of the hearing, which, after all, is his duty.
The problem with a lack of a record, which so often arises, has convinced me that there is a need for fundamental change in the way that verbatim records are recorded at the District Court level. Too mány of the court reporters believe that the courts, counsel and the parties, exist only for the convenience and monetary benefit of the court reporters. They fail to recognize that they are servants of the public and the judicial system and that their duty to record trials and other hearings before the court takes precedence over other activities such as taking depositions, statements, etc. It must be remembered that court reporters are on a full-time salary, and this means they should be full-time public servants. It is the duty of the District Court judges to see to it that the court reporters in their employ are present to record the judicial proceedings which the particular judge is handling.
I am convinced that electronic recording systems installed in the District Court may well be the only long-lasting and meaningful answer to the problem. If this court is unwilling to address the fundamental problems involved with the failure of court reporters to properly perform their functions, then I am convinced that the only redress is to have comprehensive legislation whereby electronic recording systems are mandated, and the duties of the court reporters are redefined, with commensurate salary reductions.